Archibald C. Wemple, J.
On Saturday, March 30, 1957, at or about 10:45 p.m., the defendant was arrested on the Western Gateway Bridge in the town of Glenville, for violating subdivision 5 of section 70 of the Vehicle and Traffic Law, that is, driving while intoxicated. He was thereupon taken before the Justice of the Peace, who read the charge against him, and failing to meet bail, was committed to the Schenectady County Jail. On the following day, Sunday, the defendant was brought from the County Jail to the office of the Justice of the Peace and he was informed of his rights, including his right of counsel and section 335-a of the Code of Criminal Procedure was read to him. The defendant thereupon pleaded guilty to the charge and was fined.
*964 The defendant now alleges that his conviction was illegal and he demands that it be set aside on the following grounds:
(A) That the defendant was not properly advised of his right to counsel when he was first brought before the Magistrate, in direct violation of section 188 of the Code of Criminal Procedure.
(B) That the judgment of conviction was null and void because the proceeding against him was adjourned from a Saturday to a Sunday, in direct violation of section 5 of the Judiciary Law.
Section 188 of the Code of Criminal Procedure reads as follows : “ Magistrate to inform defendant of the charge, and his right to counsel. When the defendant is brought before a magistrate upon an arrest either with or without warrant on a charge of having committed a crime, the magistrate must immediately inform him of the charge against him, and of his right to the aid of counsel in every stage of the proceedings, and before any further proceedings are had.”
Section 5 of the Judiciary Law reads as follows: ‘ ‘ Courts not to sit on Sunday except in special cases. A court shall not be opened, or transact any business on Sunday, except to receive a verdict or discharge a jury and for the receipt by a court of special sessions of a plea of guilty and the pronouncement of sentence thereon in any case in which such court has jurisdiction. An adjournment of a court on Saturday, unless made after a cause has been committed to a jury, must be to some other day than Sunday. But this section does not prevent the exercise of the jurisdiction of a magistrate, where it is necessary to preserve the peace, or, in a criminal case, to arrest, commit or discharge a person charged with an offense, or the granting of an injunction order by a justice of the supreme court when in Ms judgment it is necessary to prevent irremediable injury or the service of a summons with or without a complaint if accompanied by an injunction order and an order of such justice permitting service on that day.”
The return of the Justice of the Peace indicates that defendant was advised of Ms right to obtain counsel, his right to an adjournment for the purpose of securing witnesses and preparing for trial, and was read the provisions of section 335-a of the Code of Criminal Procedure, at all stages of the proceedings against bim on Saturday, March 30,1957, and on Sunday, March 31,1957. The return of the learned Justice is conclusive unless proven to the contrary. It would appear that the defendant has been fully informed as to all Ms rights and he has no basis for appeal on that ground.
*965 Defendant’s second ground for appeal alleges that the Justice adjourned court from Saturday until Sunday. There is no evidence other than what the defendant alleges that any adjournment was had in this proceeding. The matter was promptly disposed of by defendant’s plea at the Sunday hearing. The court had jurisdiction under section 5 of the Judiciary Law to receive the plea, pronounce sentence and to discharge the defendant. In accepting the defendant’s plea, the defendant was released on Sunday, rather than Monday, and so this appears to be a special case within the scope and meaning of section 5 of the Judiciary Law. The defendant was properly advised of his rights, according to the return and his plea and the disposition of his case was proper.
The judgment of conviction is therefore affirmed and the appeal is denied. Submit order.